I'm calling the case of 517-0403 Batson v. Township Village Associates. And for the record, I'm referring to something that Supreme Court Rule 215, it looks like, that's been blown up and it's on the easel. Has that been agreed to by both sides? I did show it to Mr. Soriano. My understanding from our conversation was that he was interested in using it also. Mr. Soriano, do you have an objection to this demonstrative exhibit? No. Okay. Usually some request is made of the court, so we know it's coming, Mr. Dripps, but that's okay. Are you ready to proceed? I am. Okay, you may go ahead. May it please the court, I'm Roy Dripps with my partner Michael Blodvogel for the plaintiff, Linda Batson. Neither parties nor courts are free to ignore the plain language of the rules. Rule 215C, like all the rules, must be considered in its entirety. The text of the rule has a purposeful structure, and that structure must be considered because in the search for statutory meaning, there is no plain meaning without context. Rule 215C consists of four sentences. The first sentence requires the examiner to deliver duplicate originals of a written report of the examination within 21 days. So the first sentence deals with the doctor's conduct. If the doctor doesn't turn over the report, or the defense doesn't want to turn over the report, sentence two says that the court can force them to turn it over. The third sentence mandates the remedy available to the plaintiff for a violation. And the fourth sentence makes clear that a defendant cannot hide behind the consulting expert privilege of Rule 201B-4 with regard to an examiner under Rule 215. The third sentence mandates that if the rule is violated, the examined party, the plaintiff in this case, gets to make a choice. The plaintiff can prevent the examiner and the report from being presented at trial, or if the plaintiff likes the examiner's findings, the plaintiff can choose to present them. The key is that the rule confers the choice on the plaintiff. Not with the defendant, and not with the trial court. The Supreme Court in Wright v. Dickey rejected the idea that trial courts have discretion to tailor the penalties plainly required by the rules when the trial court thinks they are too harsh. And the Supreme Court reminded the bench and the bar that the rules of court we have promulgated are not aspirational, they are not suggestions, they have the force of law, and the presumption must be that they will be obeyed and enforced as written. Mr. Dripps, except there is Rule 183 that kind of tempers that, correct, in Bright even? It does, but Rule 215C is very specific. I would suggest that Rule 215C on this issue trumps Rule 183. Rule 183 was not used in this case, was it? It was not. There was no request. Whether it trumps it or not is not really the issue, but it seems that even in Bright, where you have a request to admit, which is very specific as well, had a Rule 183, at least there's a Rule 183 option. Had it been made before the time limit expired, Rule 183 authorizes the trial court to give more time. It gives the court some discretion. Concerning extending the time. Correct. But once the time has elapsed, the Supreme Court in Bright says 183 no longer is applicable. Okay. The Fourth District in the Harris case enforced the third sentence of Rule 215C as written. And the Harris court explained, I'm quoting, This is not a case where the Supreme Court has left us in doubt as to the penalty for failure to comply with the rule. And the court then quoted the third sentence of the rule and concluded that, and again I'm quoting, And that's in the official report at pages 267, carrying over to 268. The Harris court specifically considered the language of the third sentence and concluded that it is not a case where the Supreme Court has left us in doubt as to the penalty for failure to comply with the rule. The trial court is required to exclude the doctor's testimony. If there is any ambiguity in the rule, the committee comments to the rule provide a bright line interpretation. And they say the failure to provide the attorney for the party who is examined with a copy of the examiner's report is not a case where the Supreme Court has left us in doubt as to the penalty for failure to comply with the rule. Within the 21 day period specified by paragraph C will result in exclusion of the examiner's testimony. Nothing could be clearer. The first district in Waymire agreed expressly with the fourth district's decision in Harris and adopted Harris' analysis of the third sentence. So the only two cases that actually analyzed the third sentence did so consistent with the Supreme Court committee comments and both held that the rule requires exclusion at the plaintiff's instance. Defendant's cases do not support their argument. Win is actually a Rule 213 disclosure decision, not a 215 case. And the reason I say that, I'm referring to the official report at page 606 where it says to allow either side to ignore Rule 213's plain language defeats its purpose and encourages tactical gamesmanship. Do you think that what is the, if there is any impact of tactical gamesmanship here? I'm going to answer that question, Justice Chapman, in two phases. The first one is that it was shocking to me to be handed the examiner's report after the time limit, after I filed a motion to bar, during the evidence deposition of a treating physician. So would that, I guess that would be pretty much akin to having received it at trial if in fact that's what's going to be used at trial is the evidence. Absolutely, because Rule 212 provides that testimony and evidence deposition is taken as though it's at trial. And so that's prejudice that cannot be undone. But that gets to a little bit different issue, and I want to talk about the second phase of that, which is that prejudice is not part of Rule 215C. We're not to consider it, because much of the fact that there was over a year, I think, or about a year before trial. Right, and the defendant wants to read into the rule a de minimis exception and a prejudice requirement that isn't there. And to adopt the defendant's argument conflicts with the bright court's mandate to enforce the rules as written. There's nothing in the third sentence of Paragraph C that authorizes either a de minimis exception or prejudice requirement. And to read into the rule that kind of an exception effectively takes the third sentence out of the rule. Without the third sentence, we'd look to Rule 219 for the sanctions. And then we would get into the prejudice analysis and the gamesmanship and all of that. But the Supreme Court wanted... Mr. Fitz, I want to make sure the timing on this is correct. You had already filed a motion to bar this particular expert? Yes, it was earlier that day. It was before, I filed it before I left the office to go to Dr. Bach's deposition. And why did you file it? Because I didn't have the report. And you knew the report would come out during the deposition? I feared that it would. I feared that either they weren't going to use the doctor at all, in which case fine, or they were holding it back for some reason, and I would get a cross-examination during the doctor's deposition, the treating doctor's deposition, that was based on findings from their examiner in the report, that I would not have the opportunity to review and try to tailor my own questions accordingly. Also, you know, in the Bright case they made a distinction as to the 308 question, that it had been phrased incorrectly. And it seems that your case is similar. The question that we have before us that was certified by the court is whether the... has not been served with the examiner's report. That's not the rule, is it? The issue is whether it has been delivered or mailed, I believe. Yes. So we have the same problem here that we had in Bright, where they actually didn't use the language of the rule. But either way, you had not had the document mailed, correct? Correct. And it had not been delivered to you. That is true. And that time carried under the rule. That's true. Okay. And I think support for that is in the record, and I believe page 36, and it's Dr. Bach's deposition at page 11, where Mr. Soriano is saying, I don't think I have to give it to you. And then ultimately, a few pages later, he does give me the report. But up until then, he's denying that he even has to give it to me. Does he give a reason for that other than just saying, I don't think I have to give it to you? What he said was, I disagree with Mr. Drip's interpretation of the rule, I believe. That's paraphrasing, but that's essentially what he said. And Dr. Bach was the treater? He was a prior treater. What do you mean by prior? He was no longer treating, or what do you mean? He treated her for a condition that was unrelated directly to the injuries at issue. Prior to the accident. Right. And the reason I took him was because his record showed that six weeks before the incident, she was not complaining of shoulder problems or neck problems, that kind of thing. And then during that deposition, it was during your direct that you asked for the document? Before I started, I went on the record and I said, I still don't have this. We've requested it. And that's when Mr. Soriano said, I don't think I have to give it to you. So it appears he never was going to give it to you. I mean, that would be the takeaway. I think, to be fair, I believe what Mr. Soriano's plan was, was to wait until the expert disclosure deadline in the case management order and then turn it over. But I think Rule 215C completely militates against that and prohibits it. Had there been a motion filed for an IME? Yes. Did you agree to it? Well, I agreed to it, but he went ahead, got the court order. So it was an IME under the rules? Well, it was his chosen examiner. It was not the court's examiner. Right. Okay. It was pursuant to Section C, not D. Right. Okay, but it was a defendant request for an exam. Yes. And the defendant moved for Dr. Rotman specifically for the examination. That was granted, and there was no opposition to it. Defendant also relies on the Lillardon case, which I think has even less relevance, because the provision there was the 10 days before trial language, which has been deleted for decades. And in Lillardon, the plaintiff engaged in some gamesmanship and induced the defendant to delay the exam until that 10-day-before-trial window and then moved to bar the doctor. And I think Lillardon actually rests on a tacit estoppel analysis. So the bottom line is that the defendant's and the trial court's interpretation of the rule destroys the third sentence completely. Their interpretation makes the rule read exactly the same whether the third sentence is in there or not. But the rule can and should be read to give full force to each of its provisions. And this requires that the third sentence means what it plainly says. Trial courts are not free to deviate from this exclusion and to fashion their own remedies when the report is not served on time. And this is why the certified question should be answered no. And I want to talk just about a couple of other things before I sit down. Justice Shemin asked about prejudice, and that kind of leads into the defendant's argument that the defendants didn't really violate the time limit. And I want to discuss that for a couple of reasons. This argument is foreclosed first by the standard of review, which requires the court to answer the certified question and not go beyond that to the underlying facts. And the Supreme Court in the Townsend case and this court in the Tri-Power Resources case have both said that under Rule 308, review is ordinary and limited to the certified question. Second, the trial court found that the defendants violated the rule. That was an express finding. And the court found that this was undisputed. So to the extent that the defendants want to raise that in this court, they waived it in the trial court by not disputing it there. We have filed a motion for leave to cite additional authority, which was this court's decision in the Simpkins case. The court has taken that with the case. I did want to talk about that just briefly because the defendant's response to the motion conflicts with its own briefing in this case. And defendant's brief argues at some length that the Rule 218 scheduling order extended the deadline to disclose the Rule 215 examiner's report, but their response to the motion says that Rule 218 is irrelevant. And so I need to just address that briefly. This court's decision in Simpkins explains that Rule 218 does not modify the disclosure requirements set forth in Rule 213. What the court said is it establishes the outside timeframe for compliance. This implies that it also does not affect the time limits separately set forth in Rule 218. And therefore, I'm sorry, 215C, and therefore does not modify the internal timeframe for compliance in Rule 215C. I would note that the record of PLA was declined on March the 21st in that case. So, in conclusion, I would ask that this court agree with the Supreme Court Rule Committee's official comments, the Fourth and First Districts of the Appellate Court, and the plain language of the Rule to answer the certified question, no. Thank you. Thank you, Mr. Chairman. Counsel? When you're ready. Thank you. I just wanted to make sure that it wasn't... We're recording, that's why we're asking.  I just wanted to make sure it wasn't a problem. I have just a timer here. It's my phone, just to make sure that... We don't allow cell phones in here. Okay. You have a timer right there. Okay, very good. Thank you. That's why I asked. Thank you for asking. Will you be ready to split your... We are. That's why. That only goes to two major... Well, let her watch it then. Okay. I just don't want it up here, me being and having you distracted, because I'm sure we have many questions. At least I do. Fantastic. Your time will start when you begin, and then if you need to change... Is that what we're going to do? Yeah. Yeah, sure. Fine, thank you. You can let him know if you'd like to let him know. Yeah, that's fine. You don't have any problem with that. Thank you. It was just a distraction for me, actually, but I should check with my co-judges, if that's okay. Thank you very much. Okay. May it please the Court. You are. I'm Randy Soriano here on behalf of the defendant, Chinner Elevator Corporation, and I want to start by saying that Plaintiff's Counsel makes the analysis of Rule 215C much more difficult than it needs to be. The rule is very straightforward, and the parties agree that the plain and unambiguous line is the rule should be followed. We actually cite the same law for this purpose and for this thing. So let me ask you, did you believe during that depo that you did not have to give him the report of your IME? I'm going to call it your defense examiner. Did you believe that? I wasn't sure. I didn't specifically know the rule that he was talking about at that time. He was making comments about what I needed to do, and I just didn't know what he was talking about, frankly. So you didn't know this rule at the time. I was aware of the rule, but I wasn't aware that he was going to take the position that because I was seven days late that he had to be barred. Except you weren't going to give it out at all. No, that's what he said, Your Honor. But actually what I said was, I don't agree with what you're saying about the rule, but I'm going to give it to you. You knew it was an IME or defense exam. I did. And you either weren't familiar with the language or you were, and if you were familiar with it, what made you think that you could withhold it? I mean, even if you gave it to him before the deposition, why would you say that you weren't going to give it to him at all or you may not give it to him at all? I did not have the rule memorized when I was at that deposition, number one. And number two, in my mind, the time for disclosure of experts would have dictated when I gave over the report. So in other words, you were not aware of this paragraph that says that you have to give it within 21 days. I did not have that memorized in my head. No, I did not. Why can't you just say you're not aware of it? At that time, you didn't know. However the court must have characterized that. Well, Mr. Soriano, you were the one who moved for this exam. Yes, Your Honor. And the way you moved for such an exam is under this rule. Under 215A. And you're licensed in the state of Illinois? Absolutely. Okay. And so you know that you have to comply with Illinois Supreme Court rules as if they are orders of the court. Absolutely. Okay. Let me ask you a question very quickly. There's a motion before the court to supplement a briefing with a recent case. Do you have an objection to that motion? I do. I don't think the Simpson case is instructive. Well, just let me ask you this. We have the motion. We took it with the case. Would you like some time to file a reply or some kind of response?  Okay. Good. I didn't see that. I apologize. I was looking for it. Is that what you would like to stand on? Actually, I did. You came in right away with it. Yes. Is that what you would like to stand on or not? I'll stand on that. Okay. Great. So to be clear and to start with the point that you're asking about, the plaintiff's counsel said I wouldn't give it to him. That's not what happened. I said, I don't agree with what you're saying about the rule. However, I'm going to give this to you. Well, don't you agree about the rule that says you have to mail or deliver within 21 days? You're saying you don't agree with the rule. No, that's not what I'm saying at all, Your Honor. What I'm saying is the rule actually requires that the examiner, that's the doctor, Dr. Rotman, mail it within 21 days. When I was sitting there at that deposition, the Dr. Bott deposition, Your Honor, I did not know that Dr. Rotman had not mailed it to plaintiff's counsel. I did not know that. And we said that in our very first opposition to their plaintiff's motion to bar. We argued that we did not know that. And what that is, although the plaintiff suggests in the reply that we didn't argue good cause, that is good cause. We had no idea that the doctor had not mailed it at the time that you raised this issue. So your statement to counsel, which I don't think you're disputing, when you said that I don't think I have to give it to you, you're relying on the fact that you had it, but he couldn't get it from you. He had to get it from the doctor. I didn't know that he didn't have it from the doctor. Well, he was telling you he didn't have it. And what I did, Your Honor, is I handed it to him. Before he started asking the single question, I said, look, I didn't know you didn't have this. You're saying the rule requires you to get it from the doctor within 21 days. I wasn't aware of that. But I'm going to give it to you. We absolutely postpone this deposition. You can read the entire document. He filed the motion. But you probably know, being a practicing trial attorney, that's not really a very practical thing to just tell the doctor, hey, we're going to cancel this step. You may never do another one. Well, actually, Dr. Bach was extremely accommodating about setting up depositions. He was. And so we were a year out from trial. Plaintiff noticed the evidence deposition of a rheumatologist, Dr. Bach, who had seen the plaintiff one time. And he had the ability, we had the ability to push that off. I gave him the IME the second he asked for it. I said, here you go. You have every opportunity to read this. We can postpone this for 20 minutes. You can read it, or we can come back. I'm sure the doctor will be agreeable to that. He argued the prejudice that he manufactured at that deposition in a filing. You have to know that the whole idea of getting the report in advance is that it can be given to the doctor, and the doctor may or may not consider that information in his or her testimony. Correct? You're saying that the plaintiff's counsel can give the IME to Dr. Bach, a treater? No, I'm talking about the plaintiff might then incorporate that in his. In his direct examination? Absolutely. And that's what he absolutely had the ability to do. I handed it to him. He plowed ahead with the deposition. You handed it to him that moment at the time of the deposition. Before he asked a single question. Let me ask you, do you think that's fair? I think that Mr. Dripps filed a motion to Bach and argued the very prejudice that he had prior to it even occurring. Do you think it's fair under our rules, which are designed to prevent ambush, to hand somebody an IME or DME, I think we'll call it that, the moment they're prepared to take an evidence deposition? Do you think that's fair, sir? I think that he had the opportunity to push it off if he chose. He did not choose to do so. You're not willing to answer that question. Let me ask you another question. The rule says in 215, I think it's A, that within 21 days after the completion of the exam, the examiner shall prepare and mail or deliver to the attorneys for the party requesting the exam. That's you. And the party examined. Mr. Dripps. Mr. Dripps' client. Actually, it's the party, not his parties. Right. Yeah. Duplicate originals. Now, you received yours. Yes. But Mr. Dripps did not. I learned that at the Dr. Bach deposition. And so, when did you learn about the motion to Bach? He told me. He said, I've already filed a motion to Bach. It's all right. And I said, what are you talking about? I hadn't seen a motion to Bach. I filed it an hour ago or whatever. Okay. Now, this is not an independent examiner. This is not somebody in the court appointing, right? So, this is somebody you paid. That's correct. You hired. Correct. And you never checked with your witness to see if your witness sent duplicate originals. That's correct. I did not ask them that. And you wouldn't have done that because you didn't know about this rule. I didn't even think they asked him that. That's correct. And so, the rule is clear and unambiguous. What Plaintiff's counsel did not mention a single time is the second sentence that says the court may enforce compliance with this requirement. The main language is clearly discretionary. And why would they put that language after the first sentence rather than after the third sentence if it includes the third sentence? Well, if you're referring to Plaintiff's argument about the last stand and seating doctrine. Yes, I am. We reviewed every single last stand and seating doctrine case in the state of Illinois, every published opinion. There's not a single opinion in the state of Illinois where the last stand and seating doctrine is used for a sentence to modify another sentence. Well, let's not technically talk about the last stand and seating. Let's just talk about what is plain and obvious interpretation of the rule language. I mean, why would you put that in between, sandwiched in between two different, I don't think they're related obviously, but they're different provisions of the rule. Because, Your Honor, the rule can be harmonized the exact way Judge Mudge harmonized it. He decided that he had the ability to may enforce after the 21 days. He, based on the facts, felt that a seven-day delay set a one-year before trial did not violate the rule. Then he had the ability. Why? Based on what? They made their arguments of prejudice. But there's no prejudice in this rule. That's what Rule 183 is for. They argued prejudice, Your Honor. Regardless of what they argued. I don't understand where the word prejudice comes in there. I don't understand where there's discretion in that rule. The discretion, Your Honor, is the court may enforce. Well, that's if you violate it. We don't expect that people will violate rules, right?  Even the Bright case that they rely on specifically says, which didn't happen here, Rule 183, allows the discretion of the trial court for discovery. Rule 201, I believe it is, A, lists a physical and mental exam as a discovery tool. So even the Bright case that they rely on talks about the fact that the discretion must be best in the trial court. On Rule 183, which is what we all rely on. So if, for example, you were with them the seven days and your doctor says, I'm not going to get it done, you've got a motion under Rule 183, you may have some protection, right? Just so we're clear, Your Honor, plaintiffs' counsel talk about Rule 183 having to be filed prior to the deadline. That's not what Rule 183 says. Well, the last clause in Rule 183 says before or after the deadline. Did you ever file Rule 183?  Plaintiffs' counsel, when we learned of it, they are immune to bar Dr. Rotman. We, therefore, responded. The arguments were made. They argued it was mandatory. We argued it was discretionary. They argued prejudice. We argued no prejudice. We explained how we had good cause because we didn't know that they wouldn't have it. The court assessed all of those arguments and ruled in our favor. The other thing that's very important, Your Honor, is that it says or within an extension or modification granted by the trial court. They also ignored the discretionary language found in the third sentence. The only way that this sentence is rendered meaningless is if you ignore the or extension or modification of the trial court. That's discretionary. Where was the modification of the trial court? When the court ruled in our favor not to bar Dr. Rotman, he granted an extension or modification of the seven days. That's exactly what he did. There is nothing in the rule, the committee comments, or any case law interpreting this rule, Your Honors, that suggests that that must occur prior to there being a violation of the 21-day requirement. And the Harris and Wehmeyer case that we're relying on. What the plaintiff's counsel didn't tell you is both of those cases interpret a no later than requirement that was found in the predecessor rule. There is not a single recorded opinion in the entire state of Illinois that we found. I'll strike that. Let me say it this way. The Harris, the Wehmeyer, and the Leiden opinions. We cite Leiden. They cite Harris and Wehmeyer. It's all evaluating the no later than requirement. The committee comments, which you don't have to get to, but you can get to if you want to because we both agree that it's unambiguous. That's why you don't have to last in the scene, Dr. Nieder. The committee comments in 215 invoke 218, which is a 60-day requirement. We are not taking the position that we didn't have to disclose it until 60 days before trial. That's a misrepresentation of our position. You took the position that he was an expert that didn't have to be disclosed except pursuant to this case management order, right? I didn't take that position, Your Honor. I did it with the report seven days later. That's what I did. What was your position as far as your expert? Was your expert as a case management order retained expert? Your Honor, he was. Did you disclose him as a retained expert? Absolutely, we disclosed him as a retained expert. But what happened here? Let's not get away from what actually happened. Plaintiff's counsel took a position at an evidence depot. When he took that position, whether I thought I needed to or not, I gave it to him. You know what? That argument would have some weight if it was not an evidence deposition. I don't know how you can stand here and say that you gave it to him and everything's fine. It's no different than if you brought it up at trial because he has no way to in any way tailor his questions or his strategy of the case when you give it to him five minutes before he's supposed to involve in the evidence. I understand what the court's saying. Is there any reason why he couldn't wait taking 20 minutes to read it? Is there any reason why he couldn't come back and take him to the depot and let him read it? Please do not step on our conversation. Oh, I'm sorry. That's not the purpose of the rules in Illinois. It's full and fair disclosure. Five minutes before or the moment before or during is really what happened there. During. That's what we're interested in. And the only thing I can say in response to that, Your Honor, is a single question not been asked. It was at an evidence depot that they noticed the argument they made of prejudice was filed before they even came to the depot. Were you going to use this document during your cross? No. No, Your Honor. You just happened to have it with you. I happened to have a copy with me because the IME from Dr. Rotman, he's an orthopedic surgeon. He talks about the shoulder. There is nothing in Dr. Bach's testimony about the shoulder, as plaintiffs stated. Bach is a rheumatologist. He's talking about rheumatoid arthritis. So there was no overlap between the shoulder opinions in the IME. So, no, I wasn't going to use it, Your Honor. I just happened to have a copy. As soon as he said that he was in prejudice by not having it, I said, here you go. Was it used? Did anyone use it? No. And, Your Honor, so the Linn case, which I have to make sure that the court is aware of, is from 1999. It's the only case that actually evaluates a situation like we have here. Not where somebody moved for a 183 extension, because that's not what happened here. They moved to strike Rotman. In the Linn case that we cite to and discuss in our briefs, it's exactly what occurred here. Plaintiffs moved to strike the IME doctor from testifying at all. And the court assessed that, and the trial court assessed that, and found that in the exercise of its discretion could rule that the doctor could testify. Plaintiffs tried to recast Linn as a case that only talks about late disclosed reports, but that's not the relief that was sought by the plaintiff in that case. They sought a complete striking of the IME doctor, which is exactly what they asked for. In that case, the trial court assessed prejudice, found there wasn't any, and the appeals court affirmed it and said that based on the ruling, they affirmed it. So the Linn case is from 1999. It is the only one that doesn't mention the no later than language. And the reason why the no later than language, in my opinion, was probably taken out of the rule. The rule that we're assessing doesn't have the no later than language, but the community comments cite to 218 and the 60 days before trial. So for whatever reason, I think one plausible reason is because of that mention of Rule 218 and the 60-day requirement that the Supreme Court no longer felt that it was necessary, that the no later than language was necessary. Harris, Wehmeyer, and even the Langton are discussing that. So they've got two opinions, Harris and Wehmeyer, that say no, when you have the no later than language, there is no discretion by the trial court. In one instance, the report was given a day before trial. In another instance, it was five days before trial. None of that happened here. We were over a year before trial. What Judge Mudge decided in his rulings, not once, it was twice on a motion to reconsider, and then a third time in an oral argument, he said, based on the facts of this case and my discretion in reading the rule, I believe that I can grant, he didn't say this in the order, but if a plain reading of the rule would suggest that he used the may enforce compliance in the second sentence and then granted an extension in the third sentence, which if we want to be true to the actual words in the rule, that is all permitted. There's not a single case, there's not a single committee comment that says that would be improper. And I think my time is up. Thank you very much. We didn't get to hear from you. Is the time up? Or maybe you'll hand it over. I'm sorry? My name is Jessica Brassel. Obviously with respect to Mr. Soriano's arguments, based on his arguments and also our interpretation of the rule, we do believe as plaintiffs also admitted that the rule is clear and unambiguous, and we do believe that Judge Mudge correctly ruled that the trial court does have discretion in enforcing the provisions of this rule, and we believe that Judge Mudge's ruling regarding discretion is supported by the holding in bright, which clearly says that trial courts must be allowed to exercise discretion over pretrial discovery, and we believe that that's another reason why Judge Mudge correctly ruled in this case. Do you believe that that's what Bright says without the consideration of Rule 183? Just generally that courts can extend rulings without discretion? Yeah, I do believe that the case says that the trial courts must have discretion with regard to pretrial discovery matters. I believe it's stated on page 3 of the opinion. So I do think, and I think that the rule and the language in the rule is further evidence of that with regard to the main language and the modification language in the third sentence. So if you read the rule as a whole, I believe that Judge Mudge did correctly rule in this matter, and we would ask that the court answer the Rule 308 certified question in the affirmative. Thank you. Mr. Dix, could you address the Lynn case? My recollection of Lynn was that that was actually a 213 case from the language. In the case at page 606 of the official report where they say, allowing either side to ignore Rule 213's plain language defeats its purpose, because it's a 213 case, the trial court has more flexibility in determining deadlines than it does under Rule 215. Well, it was a 215 case, a 213 case, and a 218 case. But the court there kept changing the deadlines. So additional medical, as I understand Lynn, additional medical kept being submitted to the 215 doctor. So if you will, it was a moving target kind of thing. Exactly. And in that case, the doctor had already written his report under 215, so he had complied with 215. He had examined the plaintiff, written the report, and the plaintiff had it. So that was not the issue. The issue was whether or not he could supplement it based on newly acquired medical records. So I think that to the extent that the defense is relying on that as a 215 case, it's an apposite because there's no issue of supplementation here under the rule. I wanted to just note a couple of things quickly. The trial judge didn't think he had granted an extension of time. He found that there was a violation and that this was undisputed. The deposition of Dr. Bach was noticed in July, July 14, and that's noted in the trial court's order in the record at page 41. So that's six weeks before the exam or a month before the exam, so they know that this deposition, this evidence deposition is coming up, and yet they don't give me the report. Not only that, but the only addressee on Dr. Rotman's report was defense counsel. I wasn't included as an addressee, and the fax number at the top isn't mine. So when defense counsel got it, and Dr. Rotman says he faxed it to Mr. Soriano the same day of the exam, when it's only addressed to him and there's no other fax saying I'm also sending this to Dripps, that should have at least put him on notice to ask his doc, didn't you send a duplicate original to plaintiff? Well, I guess this should have been asked to the other counsel, but I don't know that unless the doctors are advised of the language of the rule, I don't know how they would know that they are supposed to serve the other party. But that's defense counsel's responsibility. Well, that's what I'm saying is that I should have asked it of the other party, because it is a rule that applies to counsel rather than doctors. One thing I also wanted to note with regard to the second sentence, it ends in a period. It could have ended in a colon. If it ended in a colon after this requirement, it clearly points to the third sentence. But it ends in a period, and so this requirement has to be the one before it, because there is no other requirement that it could be talking about at that point. The reader has just read the first sentence, and now we're being told about this requirement, it's the only one. So there's no reasonable way to read, quote, this provision to refer to a provision that has not yet been read. Unless there are additional questions, I would simply ask the court to answer the certified question as modified to correspond to the rule in the negative. Thank you. Thank you, Mr. Coates. Okay. I'm sorry. This matter will be taken under advisement, and a disposition will be issued in due course.